IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK MCFALL, ) | FILED : April 1, 2008 |
| ) | 08CV1877    J. N. |
| Plaintiff, ) | JUDGE    GRADY |
| ) | MAG. JUDGE DENLOW |
| v. ) | |
| ) | |
| UNIVERSAL FINANCIAL GROUP INC. ) | Jury Demanded |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.   Plaintiff Mark McFall brings this action to secure redress for the actions of defendant Universal Financial Group Inc. ("Universal Financial") for violation of the Fair Credit Reporting Act, the Illinois Consumer Fraud Act and common law invasion of privacy.

**PARTIES**

2.   Plaintiff Mark McFall is an individual who resides in this District.

3.   Defendant Universal Financial Group Inc. is a mortgage brokerage company located in Bolingbrook Illinois with its registered agent located at 208 S. LaSalle, Ste. 1200, Chicago, Il.

**JURISDICTION AND VENUE**

4.   This Court has federal question subject matter jurisdiction. Venue lies in this district because a substantial portion of the events took place here. 28 U.S.C. § 1391.

**FACTS**

5. In or around April 2005, plaintiff contemplated refinancing his mortgage and was referred to Universal Financial Group by a friend.

6. Plaintiff did not apply for a loan as Universal Financial's rates were not favorable to him.

7. Plaintiff did not authorize Universal Financial to check his credit and had no further communications with them until late 2007 as set out below.

8. On or about December 22, 2007, plaintiff received by mail a Radio Shack/Citibank credit card. Plaintiff did not apply for this credit card.

9. On or about December 28, 2007, plaintiff received a letter from U-Haul stating that he had failed to return a rental truck from December 14, 2007. Plaintiff never rented a truck from U-Haul.

10. On or about December 28, 2007, plaintiff placed a telephone call to U-Haul and spoke with Tracy who informed him that someone showing his Illinois Drivers License rented a truck and failed to return it.

11. Plaintiff obtained his credit report from Trans Union which revealed a Radio Shack/Citibank credit card that was opened on December 11, 2007. The report showed a charge of $2,000.00.

12. Shortly thereafter, plaintiff contacted Citibank and spoke with Amanda Rose to dispute the account. Ms. Rose gave plaintiff a case number and closed the account. Ms. Rose also contacted Trans Union and made a report with them by placing a fraud alert on plaintiff's credit report.

13. Ms. Rose informed plaintiff that on December 15, 2007, a Sears/Citibank account was also opened. Plaintiff had not opened this account and requested that Ms. Rose close the account immediately.

14. Plaintiff began reviewing his existing accounts and realized that the balance on his Best Buy account had increased to $8,119.56. Plaintiff also noticed a charge of $3,943.13 appearing on December 14, 2007 and a charge of $3,694.45 appearing on December 15, 2007. Plaintiff had not made these charges. He contacted Best Buy and filed a dispute.

15. While reviewing his credit report, plaintiff noticed that his credit report was pulled on November 28, 2007 by Equifax Mortgage Service for Universal Financial Group. The entry included a telephone number for Universal Financial Group as 630.378.3600.

16. Plaintiff contacted Universal Financial Group and spoke with Tom Taft who stated that no one had applied for any loans in plaintiff's name and that he did not know why anyone would be running plaintiff's credit report.

17. Mr. Taft informed plaintiff that he would look into the matter and would contact plaintiff on December 31, 2007 or January 2, 2008 with the results of his investigation.

18. Neither Universal not Mr. Taft could explain who or why Universal Financial Group pulled plaintiff's credit report on November 28, 2007.

19. Plaintiff again contacted U-Haul again and spoke with Paul who identified himself as the General Manager. Paul informed plaintiff that U-Haul had a surveillance video of the person who rented the truck.

20. On December 28, 2007, plaintiff immediately filed a police report with the Bridgeview Police Department citing Identity Theft. Investigator Michalski generated the report.

21. On January 2, 2008, plaintiff filed a police report with the Schererville Police Department citing Identity Theft. Officer A. Stack generated the report.

22. On January 2, 2008, plaintiff filed a police report with the Valparaiso Police Department citing Identity Theft. Officer Kodicek generated the report.

23. Plaintiff has been damaged as a result of defendant's actions. He has expended numerous hours trying to clear his name, has missed work, has out-of-pocket costs associated with sending disputes with the credit bureaus to clear his credit report, and his privacy has been invaded.

### COUNT I – FAIR CREDIT REPORTING - UNAUTHORIZED PULL AND UNAUTHORIZED USE OF CREDIT INFORMATION

24. Plaintiff incorporates ¶¶ 1-23.

25. Defendant obtained Plaintiff's credit report without authorization.

26. Defendant obtained Plaintiff's credit report without a permissible purpose.

27. Defendant certified to the credit agency that it had a permissible purpose to obtain Plaintiff's credit report.

28. Defendant did not have a permissible purpose to obtain plaintiff's credit report.

29. Defendant, through its employee or agent, violated the FCRA by obtaining credit information regarding plaintiff under false pretenses.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against defendant for:

    a. Statutory damages

   b.  Actual damages;

   c.  Punitive damages;

   d.  Attorney's fees and costs of suit;

   e.  Such other or further relief as the Court deems just and proper.

## COUNT II- VIOLATIONS OF THE CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505

30. Plaintiff incorporates ¶¶ 1-29.

31. Defendant engaged in unfair and deceptive acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by violating the FRCA.

32. Defendant should have known that it was not authorized to obtain plaintiff's credit report.

33. Plaintiff was damaged as a proximate cause of Defendant's actions as his credit score was harmed from the impermissible pull, his privacy was invaded and he spent and will continue to spend a considerable amount of time attempting to resolve the situation.

34. Defendant's actions were willful or intentional and done with evil motive or reckless indifference to the rights of others.

35. The conduct of Defendant resulted in public injury and had an effect on consumers and the public interest generally. Defendant's falsely obtaining a credit report, invasion of privacy and failing to provide plaintiff information was unfair, deceptive and violated public policy.

WHEREFORE, Plaintiff, asks that this Court enter judgment in his favor and against Defendant and award damages as follows:

      a.      Actual damages in an amount to be proven at trial;

      b.      Punitive damages,

      c.      A declaration that this conduct violates the Illinois Consumer Fraud

      d.      Reasonable attorney's fees and costs of suit; and

      c.      Any such other relief this Court deems appropriate.

## COUNT III – INVASION OF PRIVACY

36.    Plaintiff incorporates ¶¶ 1-23.

37.    Defendant intruded upon seclusion of plaintiff when they pulled his credit report or otherwise accessed his private information.

38.    Defendant's actions intruded on the plaintiff's seclusion or private affairs in a way that would be highly offensive to a reasonable person.

39.    Plaintiff was damaged as a proximate result of defendant's actions.

WHEREFORE, Plaintiff, asks that this Court enter judgment in his favor and against defendant and award damages as follows:

      a.      Actual damages in an amount to be proven at trial;

      b.      Punitive damages in an amount sufficient to deter defendant and other similarly-situated from engaging in similar conduct in the future;

      c.      Any such other relief the court deems appropriate.

/s/Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
Law Offices of Keith J. Keogh, Ltd.
227 W. Monroe Street, Suite 2000
Chicago, Illinois   60606
312.726.1092 (office)
312.726.1093 (fax)

## JURY DEMAND

Plaintiff requests a trial by jury.

/s/Keith J. Keogh
Keith J. Keogh