IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK MCFALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 1877 |
| | ) |
| | ) Judge Grady |
| | ) presiding |
| UNIVERSAL FINANCIAL GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I & II

Defendant Universal Financial Group, Inc., by its attorney, John J. Lydon, in response to the Plaintiff's Complaint, state the following:

1.      Plaintiff Mark McFall brings this action to secure redress for the actions of defendant Universal Financial Group Inc. ("Universal Financial") for violation of the Fair Credit Reporting Act, the Illinois Consumer Fraud Act and common law invasion of privacy.

ANSWER:     Defendants admit the allegations is paragraph 1.

PARTIES

2.      Plaintiff Mark McFall is an individual who resides in this District.

ANSWER:     Defendants admit the allegations is paragraph 1.

3.      Defendant Universal Financial Group Inc. is a mortgage brokerage company located in Bolingbrook Illinois with its registered agent located at 208 S. LaSalle, Ste. 1200, Chicago, ll.

ANSWER:     Defendant admits the allegations is paragraph 3.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction. Venue lies in this district because a substantial portion of the events took place here. 28 U.S.C. § 1391.

ANSWER: Defendant admits the allegations is paragraph 4.

## FACTS

5. In or around April 2005, plaintiff contemplated refinancing his mortgage and was referred to Universal Financial Group by a friend.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. Plaintiff did not apply for a loan as Universal Financial's rates were not favorable to him.

ANSWER: Defendant admits that the Plaintiff did not apply for a loan but denies the remaining allegations is paragraph 6.

7. Plaintiff did not authorize Universal Financial to check his credit and had no further communications with them until late 2007 as set out below.

ANSWER: Defendant admits the allegations is paragraph 7.

8. On or about December 22, 2007, plaintiff received by mail a Radio Shack/Citibank credit card. Plaintiff did not apply for this credit card.

ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9. On or about December 28, 2007, plaintiff received a letter from U-Haul stating that he had failed to return a rental truck from December 14, 2007. Plaintiff never rented a truck from U-Haul.

>   ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9.

10. On or about December 28, 2007, plaintiff placed a telephone call to U-Haul and spoke with Tracy who informed him that someone showing his Illinois Drivers License rented a truck and failed to return it.

>   ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10.

11. Plaintiff obtained his credit report from Trans Union which revealed a Radio Shack/Citibank credit card that was opened on December 11, 2007. The report showed a charge of $2,000.00.

>   ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11.

12. Shortly thereafter, plaintiff contacted Citibank and spoke with Amanda Rose to dispute the account. Ms. Rose gave plaintiff a case number and closed the account. Ms. Rose also contacted Trans Union and made a report with them by placing a fraud alert on plaintiff's credit report.

>   ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12.

13. Ms. Rose informed plaintiff that on December 15, 2007, a Sears/Citibank account was also opened. Plaintiff had not opened this account and requested that Ms. Rose close the account immediately.

>   ANSWER:   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

14. Plaintiff began reviewing his existing accounts and realized that the balance on his Best Buy account had increased to $8,119.56. Plaintiff also noticed a charge of $3,943.13 appearing on December 14, 2007 and a charge of $3,694.45 appearing on December 15, 2007. Plaintiff had not made these charges. He contacted Best Buy and filed a dispute.

   ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14.

15. While reviewing his credit report, plaintiff noticed that his credit report was pulled on November 28, 2007 by Equifax Mortgage Service for Universal Financial Group. The entry included a telephone number for Universal Financial Group as 630.378.3600.

   ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16. Plaintiff contacted Universal Financial Group and spoke with Tom Taft who stated that no one had applied for any loans in plaintiff's name and that he did not know why anyone would be running plaintiff's credit report.

   ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16.

17. Mr. Taft informed plaintiff that he would look into the matter and would contact plaintiff on December 31, 2007 or January 2, 2008 with the results of his investigation.

   ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18. Neither Universal not Mr. Taft could explain who or why Universal Financial Group pulled plaintiff's credit report on November 28, 2007.

   ANSWER: Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

19.     Plaintiff again contacted U-Haul again and spoke with Paul who identified himself as the General Manager.  Paul informed plaintiff that U-Haul had a surveillance video of the person who rented the truck.

    ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.     On December 28. 2007, plaintiff immediately filed a police report with the Bridgeview Police Department citing Identity Theft.  Investigator Michalski generated the report.

    ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20.

21.     On January 2, 2008, plaintiff filed a police report with the Schererville Police Department citing Identity Theft.  Officer A. Stack generated the report.

    ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.     On January 2, 2008, plaintiff filed a police report with the Valparaiso Police Department citing Identity Theft.  Officer Kodicek generated the report.

    ANSWER:     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

23.     Plaintiff has been damaged as a result of defendant's actions.  He has expended numerous hours trying to clear his name, has missed work, has out-of-pocket costs associated with sending disputes with the credit bureaus to clear his credit report, and his privacy has been invaded.

    ANSWER:     Defendant denies the allegations is paragraph 23.

## COUNT I
### (Fair Credit Reporting–Unauthorized Pull and Use of Credit Information)

24. Plaintiff incorporates ¶¶ 1- 23.

ANSWER: Defendant incorporates its answers to paragraphs 1 - 23 above as its answers to the allegations in paragraph 24.

25. Defendant obtained Plaintiff's credit report without authorization.

ANSWER: Defendant denies the allegations is paragraph 25.

26. Defendant obtained Plaintiff's credit report without a permissible purpose.

ANSWER: Defendant denies the allegations is paragraph 26.

27. Defendant certified to the credit agency that it had a permissible purpose to obtain Plaintiff's credit report.

ANSWER: Defendant denies the allegations is paragraph 27.

28. Defendant did not have a permissible purpose to obtain plaintiff's credit report.

ANSWER: Defendant denies the allegations is paragraph 28.

29. Defendant, through its employee or agent, violated the FCRA by obtaining credit information regarding plaintiff under false pretenses.

ANSWER: Defendant denies the allegations is paragraph 29.

## COUNT II
### (Violation of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505)

30. Plaintiff incorporates ¶¶ 1- 29.

ANSWER: Defendant incorporates its answers to paragraphs 1 - 29 above as its answers to the allegations in paragraph 30.

31. Defendant engaged in unfair and deceptive acts and practices, in violation of

ICFA § 2, 815 ILCS 505/2, by violating the FRCA.

ANSWER:   Defendant denies the allegations is paragraph 31.

32.   Defendant should have known that it was not authorized to obtain plaintiff's credit report.

ANSWER:   Defendant denies the allegations is paragraph 32.

33.   Plaintiff was damages as a proximate cause of Defendant's actions as his credit score was harmed from the impermissible pull, his privacy was invaded and he spent and will spend a considerable amount of time attempting to resolve the situation.

ANSWER:   Defendant denies the allegations is paragraph 33.

34.   Defendant's actions were willful or intentional an done with evil motive or reckless indifference to the rights of others.

ANSWER:   Defendant denies the allegations is paragraph 34.

35.   The conduct of Defendant resulted in public injury and had an effect on consumers and the public interest generally. Defendant's falsely obtaining a credit report, invasion of privacy and failing to provide plaintiff information was unfair, deceptive and violated public policy.

ANSWER:   Defendant denies the allegations is paragraph 35.

## COUNT III
**(Invasion of Privacy)**

The Defendant does not answer Count III because it has filed a motion to dismiss this count contemporaneously herewith.

## AFFIRMATIVE DEFENSES

1. The Defendant is immune from the claim made in Count II because it lacked malice or willful intent to injure the Plaintiff as provided in 15 U.S.C. §1681h(e).

WHEREFORE Defendant Universal Financial Group, Inc., demands judgment in its favor and against Plaintiff and that the court award Defendant its costs.

Respectfully submitted,
Universal Financial Group, Inc.,


By:　/s/ John J. Lydon
　　One of its attorneys.

John J. Lydon, Esq.
Gomberg, Sharfman, Gold & Ostler, P.C.
208 South LaSalle St., Suite 1200
Chicago, Illinois 60604
(312) 332-6194
fax (312) 332-4083

CERTIFICATE OF SERVICE

      I, John J. Lydon, certify that, service of this document was accomplished by means of the Court's "ECF" system on May 23, 2008.

                                              /s/ John J. Lydon