IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK MCFALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 1877 |
| | ) |
| | ) Judge Grady |
| | ) presiding |
| UNIVERSAL FINANCIAL GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

**MOTION TO DISMISS COUNT III**

Defendant Universal Financial Group, Inc., (Defendant or Universal), by its attorney, John J. Lydon, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss count III of the Plaintiff's Complaint. In support thereof, Defendant states as follows:

**I.    Introduction.**

Count III must be dismissed because the Defendant is immune from the Plaintiff's invasion of privacy claim pursuant to 15 U.S.C. §1681h(e).

**II.    Plaintiff's Complaint.**

Plaintiff's Complaint alleges as follows:

In or around April 2005, plaintiff contemplated refinancing his mortgage and was referred to Universal Financial Group by a friend. Compl. ¶5. (A copy of the Complaint is attached hereto as Exhibit 1.) Plaintiff did not apply for a loan as Universal Financial's rates were not

favorable to him. Compl. ¶6. Plaintiff did not authorize Universal Financial to check his credit and had no further communications with them until late 2007 as set out below. Compl. ¶7. While reviewing his credit report, plaintiff noticed that his credit report was pulled on November 28, 2007 by Equifax Mortgage Service for Universal Financial Group. The entry included a telephone number for Universal Financial Group as 630.378.3600. Compl. ¶15.

Plaintiff contacted Universal Financial Group and spoke with Tom Taft who stated that no one had applied for any loans in plaintiff's name and that he did not know why anyone would be running plaintiff's credit report. Compl. ¶16. Neither Universal not Mr. Taft could explain who or why Universal Financial Group pulled plaintiff's credit report on November 28, 2007. Compl. ¶18.

Plaintiff has been damaged as a result of defendant's actions. He has expended numerous hours trying to clear his name, has missed work, has out-of-pocket costs associated with sending disputes with the credit bureaus to clear his credit report, and his privacy has been invaded. Compl. ¶20.

Plaintiff included other superfluous allegations in his complaint regarding the unauthorized use of his identity, Compl ¶¶8 - 14 and ¶¶19 - 22, but there is no allegation that the actions of the Defendant caused the unauthorized use of the Plaintiff's identity.

From these facts, the Plaintiff asserts three causes of action. Count I alleges violation of the Fair Credit Reporting Act although does not cite to the federal statute or any specific section thereof. Count II alleges violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (ICFA).

Count III alleges a state law claim for "invasion of privacy." Specifically, Plaintiff contends that the "Defendant intruded upon [sic] seclusion of plaintiff when they [sic] pulled his credit report or otherwise accessed his private information." Compl. ¶37. "Defendants actions intruded on the plaintiff's seclusion or private affairs in a way that would be highly offensive to a reasonable person." Compl. ¶38. There is no allegation that the Defendant acted with malice or willful intent to injure the Plaintiff.

This motion to dismiss is directed only against Count III–invasion of privacy–intrusion upon seclusion.

### III.   Argument.

#### A.   *Plaintiff Fails to State a Claim Because the Fair Credit Reporting Act Provides a Qualified Immunity Against Invasion of Privacy Claims*.

Plaintiff's invasion of privacy claim in Count III is barred by the qualified immunity provided in 15 U.S.C. ¶1581h(e).

The Fair Credit Reporting Act states, in pertinent part, that:

> no consumer may bring any action or proceeding in the nature of . . . invasion of privacy . . . with respect to the reporting of information against . . . any user of information . . . based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report, except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. §1681h(e).

Plaintiff's Count III, labeled "Invasion of Privacy–Intrusion Upon Seclusion," alleges that Defendant intruded upon [sic] seclusion of plaintiff when they [sic] pulled his credit report or otherwise accessed his private information." Compl. ¶37. The Plaintiff alleged that the credit

report was pulled for Universal so Universal is clearly alleged to be the user of the information. See Compl. ¶15.

Because Universal is a "user of information" for purposes of the statute, it is immune from the Plaintiff's invasion of privacy claim. *See Benson v. Trans Union, LLC*, 387 F.Supp.2d 834 (N. D. Ill. 2005)(dismissed defamation claim based upon qualified immunity in 15 U.S.C. §1681h(e)). Plaintiff does not allege any malice or intent to injure by Universal in Count III. The qualified immunity clearly bars Count III.

For the foregoing reasons, Defendant Universal Financial Group, Inc., respectfully requests that this Court dismiss Counts III of the Plaintiff's complaint with prejudice.

                                                                        Respectfully submitted,
Universal Financial Group Inc.


                                                                        By:_____/s/ John J. Lydon_____
                                                                            One of its attorneys

John J. Lydon, Esq.
Gomberg, Sharfman, Gold & Ostler, P.C.
208 S. LaSalle, Suite 1200
Chicago, Illinois 60604
312.332.6194 phone
312.332.4083 fax

CERTIFICATE OF SERVICE

      I, John J. Lydon, certify that, service of this document was accomplished by means of the Court's "ECF" system on May 23, 2008.

          /s/ John J. Lydon

K:\JJL\CASES\41449 (McFall v. Universal Financial)\Motions\Motion to Dismiss Count III.wpd

# EXHIBIT 1

to Defendant's Motion to Dismiss

*McFall v. Universal Finance Group, Inc.*, 08 C 1877 (N. D. Ill.)